UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANIEL LÓPEZ MOLINA, | CIVIL NO. |
| PLAINTIFF, | AMERICAN WITH DISABILITIES ACT OF 1990; RETALIATION; PUERTO RICO ACT NO. 44 OF JULY 2, 1985; ACT NO. 80 OF MAY 30, 1976 AS AMENDED; and ACT 139 OF JUNE 26 OF 1968 |
| v. | |
| UBS FINANCIAL SERVICES OF PUERTO RICO; UNKNOWN CORPORATIONS XYZ; INSURANCE COMPANY ABC; JOHN DOE; JANE DOE, | |
| DEFENDANTS. | |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes now Plaintiff, Daniel López Molina, through the undersigned attorneys, and very respectfully, states, alleges and prays as follows:

### JURISDICTION AND VENUE

1.  This is a Civil Action for damages brought pursuant to the American With Disabilities Act of 1990, 42 U.S.C.A. §§ 12101 *et seq*. ("ADA"); Puerto Rico Act No. 44 of July 2, 1985, P.R. Laws Ann. Tit 1, § 501 ("ADITA"); Act No. 80 of May 30, 1976, and Act No. 139 of June 26 of 168, et seq., seeking compensatory, economic damages, back pay, front pay, punitive damages, reinstatement, equitable and injunctive relief, and liquidated damages (double pay), to seek redress for Defendants; interference with Plaintiff's rights and on account of Defendants' retaliation against Plaintiff for having exercised those rights. Plaintiff claims not only economic damages but reasonable attorney's fees, and costs and expenses to be paid by Defendants.

1

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §§ 1331 and 1343 since this is an action arising under the Constitution and laws of the United States to recover compensatory and punitive damages resulting from the deprivation of plaintiff's federal rights and privileges.

3. Plaintiff Daniel López-Molina, has complied with all the jurisdictional prerequisites to an action under the ADA, as follows:

    a. On March 24, 2016, he filed a Charge of Discrimination, hereinafter "Charge", with the Equal Employment Opportunity Commission ("E.E.O.C."), alleging that he had been discriminated and retaliated against in violation of the ADA, and applicable.

    b. The E.E.O.C., forwarded Plaintiff Daniel López-Molina, the Notice of Right to Sue, dated October 31, 2016.

4. Venue is proper pursuant 28 U.S.C.A. § 1391 (a). This is the judicial district where the events or omissions giving rise to the claim occurred.

### SUPPLEMENTAL FEDERAL JURISDICTION

5. Supplemental Jurisdiction is invoked by the Plaintiff to hear and decide pendent claims arising under local laws to wit: Act No. 44 of July 2, 1985, Act No. 80 of May 30, 1976 and Act No. 139 of June 26, 1968.

### PARTIES

6. Plaintiff Daniel López-Molina, is a citizen of the United States of America who resides in Guaynabo, Puerto Rico. His address is: P.O Box 1297, Guaynabo, Puerto Rico, 00970. His telephone number is (787) 466-5100.

7. Defendant UBS Financial Services ("UBS"), was at all times relevant

2

Plaintiff's employer, which address is 250 Muñoz Rivera, San Juan, P.R. 00926. UBS offers wealth management services, including banking services, stocks, bonds, mutual funds, insurance, estate planning, philanthropic advice, and access to alternative investments such as hedge funds, among related activities.

8. Co-defendants John and Jane Doe, are natural persons or corporations authorized to do business in the Commonwealth of Puerto Rico, who at all relevant times were responsible for the acts alleged in the Complaint. Their identity is unknown. Plaintiff believes that upon initial discovery the identity of these persons will be ascertained, and the caption of the case will be amended for inclusion of the correct co-defendant.

9. Co-defendants Unknown Corporations XYZ, which businesses addresses are unknown, were at all relevant times responsible for the acts alleged in the Complaint. At this time, the identity of these corporations is unknown. Plaintiff believes that upon initial discovery, the identities of these companies will be ascertained, and the caption of the case will be amended for inclusion of the correct co-defendants.

10. Co-defendant Insurance Company ABC, is upon information and belief, an insurance company providing coverage to any and all co-defendants for the claims alleged herein. At this time, the identity of this insurance company is unknown. However, the Insurance Code of Puerto Rico provides for a direct action against an insurer for the acts of its covered insured's. Plaintiff believes that upon initial discovery, the identity of this company will be ascertained, and the caption of the case will be amended for inclusion of the correct co-defendant insurer.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. Plaintiff repeats and re-alleges by reference each and every allegation contained in the preceding paragraphs and incorporate them herein as if fully set forth.

12. Plaintiff started working with UBS Financial Services in January 2002 as a Financial Advisor. As part of his functions, Plaintiff offered clients financial planning services, and related services. Based on the client's goals and aspirations, he presented the client various products and solutions.

13. During his employment he complied with the functions of his job in a satisfactory manner.

14. On July 2014, Plaintiff underwent a serious life threatening surgery after having developed a tumor on the fourth ventricle of his brain. This resulted in a short-term disability leave of six (6) months and a LTD leave of a little over six (6) months while he was rehabilitating and recovering. The condition developed by Plaintiff is considered a disability under the ADA, as it was a physical impairment that substantially limited various major life activities. Plaintiff's brain tumor caused him severe headaches and tremors.

15. Upon his recovery and return to work, in September 2015, his doctor recommended a reasonable accommodation period of 2-3 months because of a condition known as of diplopia or double vision, which he developed after his surgery. This condition was a complication of his surgery that substantially limited his major life activity of seeing.

16. As reasonable accommodation, he requested short breaks after two (2) hours of computer work, and not to drive in excess of two (2) miles during the day.

17. At the time of the reasonable accommodation request, Plaintiff was having some double-vision issues while driving and viewing computer screens for long periods of time. However, Plaintiff was able to perform the essential functions of his job if he had been given the accommodation requested.

18. Plaintiff was denied reasonable accommodation, and was dismissed from his employment discriminatorily and in retaliation for having requested reasonable accommodation.

19. On October 5, 2015, UBS informed Plaintiff that it was unable to allow him to return to work to his prior position as Financial Advisor and was terminating his employment, effective that date.

20. Shortly thereafter these issues subsided and currently no longer require any reasonable accommodation.

21. UBS failed to engage in an interactive process with Plaintiff to determine how to accommodate his known disability.

22. The accommodation requested by Plaintiff was not an undue hardship for his employer.

23. The defendants failed to engage in a good faith, individual and interactive process with Plaintiff in order to determine and or assess whether they could provide him with a reasonable accommodation and/or determining the appropriate accommodation he could be given.

24. Defendants failed to assess Plaintiff's work limitations and the kind of accommodation that would have been necessary pursuant to law.

25. Defendants' failure to accommodate and dismiss Plaintiff caused him

economic and emotional damages. Because of his dismissal, Plaintiff lost his license and can no longer work as a Financial Advisor.

26. On the other hand, Defendants discriminated against Plaintiff for suffering a physical impairment, as they regarded him as disabled. Defendants thought that because of his condition, Plaintiff was unable to do his job, even with reasonable accommodation.

27. Defendant's adverse employment actions were taken because Plaintiff had an impairment within the meaning of the ADA.

28. Defendant's conduct was blatantly discriminatory because of Plaintiff's physical impairment, and they cannot articulate a legitimate, non-discriminatory reason for their adverse employment actions.

29. UBS' determination in terminating Mr. Lopez' employment is against company policy and is discriminatory and retaliatory.

30. Plaintiff was discriminated and retaliated against in violation of the American with Disabilities Act.

31. Plaintiff requests all remedies afforded by all applicable laws, including but not limited to reinstatement, back pay, compensatory damages, mental anguish and punitive damages.

32. These actions of the employer deviated from the clear and unambiguous provisions of Puerto Rico Act No. 139, *supra*, which requires the employer to reserve the employment of an injured worker for twelve (12) months and reinstate them in their position when the employee returns to work and the employee requests reinstatement.

33. As a direct consequence of Defendants' adverse employment actions, which forced him out of his job, Plaintiff stopped receiving any income, which caused him economic and emotional damages.

34. All defendants are jointly and severally liable to Plaintiffs.

35. Plaintiffs request Jury Trial.

### FIRST CAUSE OF ACTION
### VIOLATION OF ADA AND ACT NO. 44 OF JULY 2, 1985, 1 L.P.R.A § 501 (ADITA)

36. Plaintiff repeats and incorporates each and every preceding allegations as if fully set forth herein.

37. Plaintiff is a qualified individual with a disability within the meaning of the American with Disabilities Act of 1990 (ADA").

38. UBS knew the details of Plaintiff's disability.

39. Plaintiff was a qualified individual able to perform the essential functions of his job with reasonable accommodation.

40. Defendants violated ADA in failing to engage into the interactive process with the plaintiff and never discussed nor suggested alternatives to accommodate his disability.

41. Defendants also regarded Plaintiff as having an impairment that substantially limited his ability to work.

42. Defendants' conduct evidences their intentional failure to reasonably accommodate Plaintiff, and to act in reprisal because he requested reasonable accommodation and for having a recognized disability.

43. In the alternative, Plaintiff was discriminated against for having a record of a health condition and for having informed his employer about his impairment.

44. Co-defendants have engaged in unlawful and willful employment practices, and have discriminated and taken adverse employment actions against Plaintiff on account of his health condition, and/or of Plaintiff having a record of such impairment and/or for regarding Plaintiff as disabled at work.

45. As a result of his employer's discriminatory actions, Plaintiff is entitled to back pay, front pay, compensatory damages, punitive damages, emotional damages, liquidated damages, double damages, prejudgment interest, reasonable attorneys fees and court costs, in an amount of no less than $2,000,000.00.

46. As a result of defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, he has suffered damages for future pecuniary losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, mental anguish, loss of enjoyment of life and other intangible injuries and pecuniary losses, for all of which he should be compensated.

## SECOND CAUSE OF ACTION
## RETALIATION

47. Plaintiff repeats and incorporates each and every preceding allegations as if fully set forth herein.

48. The defendants retaliated against plaintiff because he requested reasonable accommodation. Requesting an accommodation is a protected activity under the ADA.

49. In retaliation, Plaintiff was not given the accommodation requested, and was dismissed from his employment.

50. As a result of his employer's retaliatory actions, Plaintiff is entitled to back pay, front pay, compensatory damages, punitive damages, emotional damages, liquidated damages, double damages, prejudgment interest, reasonable attorneys fees and court costs, in an amount of no less than $1,000,000.00.

### THIRD CAUSE OF ACTION
### UNJUST DISCHARGE

51. Plaintiff repeats and incorporates each and every preceding allegations as if fully set forth herein.

52. Plaintiff was dismissed without just cause.

53. Plaintiff worked for UBS for approximately thirteen (13) years.

54. Plaintiff is entitled to a severance of three (3) months pay, plus two (2) weeks of pay for each year worked or twenty-six (26) weeks of pay.

55. Plaintiff's highest compensation for the last three (3) years prior to his termination was approximately $54,000.00.

56. Plaintiff is thus entitled to the payment of a severance of $40,500.00 under Act No. 80.

57. Plaintiff is entitled to attorney's fees and also for interest on this claim since the date of dismissal until date of payment.

**FOURTH CAUSE OF ACTION UNLAWFUL TERMINATION UNDER SINOT**

58. Plaintiff repeats and incorporates by reference each and every preceding allegation as if fully set forth herein.

59. Plaintiff's unjustified termination was also in contravention to the legal dispositions of the Law of Benefits due to Temporary Disability (SINOT), 11 L.P.R.A. § 201, which requires an employer to reserve a disabled employee's employment for a

period of one (1) year.

60. Plaintiff's unjustified termination occurred while he was protected and covered by the aforementioned statute of SINOT.

61. Since plaintiff's employment was not reserved, and was in fact terminated while covered under the Law of Benefits due to Temporary Disability, 11 L.P.R.A. § 203, he is entitled to back pay plus compensation for damages caused therein, and every other remedy provided by law.

62. Plaintiff's mental anguish and suffering is a direct result of defendants' illegal actions, which is assessed at a sum of no less than $200,000.00. As a result of his unjustified termination, plaintiff lost his only means of income.

## PRAYER

Wherefore, premises considered, plaintiffs demand judgment against defendants for the following:

1. Enter Judgment against defendants in an amount of no less than $3,400,000.00, for all damages suffered, plus double damages under state law.

2. Award Plaintiffs costs, interests, expenses and attorneys fees, as provided by law;

3. Plaintiffs request any and all other remedies appropriate under the law or in equity, injunctive relief and any other remedy available;

4. Punitive damages;

5. Back pay;

6. Front pay;

7. Preliminary and permanent injunctive relief, enjoining defendants from engaging in such unlawful conduct.

8. The payment of the severance she is entitled to due to her constructive discharge.

9. Plaintiff further demands trial by jury on all issues.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 30th day of January of 2017.

**MANUEL PORRO VIZCARRA**
**LAW OFFICES**
382 Calle Escorial
Urb. Caparra Heights
San Juan, P.R. 00920
Telephone 787-774-8200
Facsimile 787-774-8297

/S/MANUEL PORRO-VIZCARRA
USDC # 207006
Email:  mpvlaw@centennialpr.net

/S/MYRMARIE LABORDE VEGA
USDC # 226107
Email: ml@mpvlawpr.com